UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MERRILL WARBOYS and KATHRYN WARBOYS,

                      Plaintiffs,

      -against-

SHI-III BRIARCLIFF REIT, LLC; BRIARCLIFF
MANOR INVESTORS, LLC; ANDRON
CONSTRUCTION CORP.; and VISTA
CONSTRUCTION & LANDSCAPE CONTRACTORS,
INC.,

                      Defendants.
------------------------------------------------------------X

**DECISION AND ORDER**

19 Civ. 2491 (PED)

**PAUL E. DAVISON, U.S.M.J.:**

## I. INTRODUCTION

Before the Court is Defendant Vista Construction & Landscape Contractors, Inc.'s Motion for Reconsideration and Reargument pursuant to Local Civil Rule 6.3 ("Motion") [Dkt. 154-56; Reply in Support of the Motion at Dkt. 160] of the Court's May 19, 2021 Decision and Order on Vista's cross-motion for summary judgment [Dkt. 150]. Plaintiffs Merrill and Kathryn Warboys oppose [Dkt. 158], and Defendant Andron Construction Corp. filed opposition on behalf of itself and SHI-III Briar Cliff Reit, LLC and Briarcliff Manor Investors, LLC [Dkt. 159.] The facts and history of this case are set forth in detail in the underlying Decision and Order. For the reasons that follow, the Motion is **DENIED.**

## II. LEGAL STANDARD

Reconsideration of a court's prior order pursuant to Fed. R. Civ. Pro. 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Secs. Litig.*, 113 F. Sup.2d 613,

614 (S.D.N.Y. 2000). Local Civil Rule 6.3, which governs motions for reconsideration, requires the moving party to demonstrate controlling law or factual matters that were put before the Court on the underlying motion "that the moving party believes the court overlooked and that might reasonably be expected to alter the court's decision." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp.2d 341, 342 (S.D.N.Y. 2002) (internal citations omitted). Reconsideration may be granted to correct a clear error, prevent manifest injustice, or to review a court's decision in light of the availability of new evidence. *Id.* (citing *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

However, a motion for reconsideration is not intended to provide a vehicle for a party dissatisfied with a court's ruling to advance new theories which the movant failed to advance when arguing the underlying motion, nor to secure a rehearing on the merits on issues already decided. *Griffin Ind., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999). "A Court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment." *Montanile*, 216 F. Supp.2d at 342 (internal citation omitted). Thus, a motion for reconsideration cannot be used to "reargue those issues already considered when a party does not like the way the original motion was resolved." *Id.* (citing *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

### III. DISCUSSION

In the underlying Decision and Order, the Court held, in relevant part, that Vista was not entitled to summary judgment because Plaintiffs raised a triable issue of fact concerning whether Vista negligently plowed the snow in the area where Plaintiff allegedly fell and, therefore, owed

2

a duty to Plaintiff. Specifically, the Court held that a reasonable jury could find, based on the evidence and testimony, that Vista plowed the snow into piles surrounding the parking lot, and that those snow piles may have allowed water to pool and freeze in the area where Plaintiff allegedly slipped. [*see* Dkt. 150 at 14-15.] Vista asserts that this finding presents a clear error, and that the Court overlooked evidence showing that Vista did not pile snow in the area. I disagree.

In finding that Plaintiffs raised a triable issue of fact regarding Vista's liability, the Court observed that "Plaintiff testified that when he arrived...he observed...piles of snow." [Dkt. 150 at 15, citing Plaintiff's Deposition, Dkt. 127-12 at 22, Lines 17-20.] Vista points out that, although Plaintiff testified that he observed snow on the sides of the parking lot, he did not expressly describe *piles* of snow. Instead, he testified as follows:

> Q: Now, in addition to the ice that you observed, did you observe any snow around the area?
>
> A: Snow on the sides, yes.

[Dkt. 127-12 at 22, Lines 17-20.] Later on in the deposition, Plaintiff testified:

> Q: The snow that you saw that was off to the side, was that snow that seemed to have been piled up or was that just snow that was just flat on the ground?
>
> . . .
>
> A: I don't recall. It was snow.

[Dkt. 127-12 at 80, Lines 9-23.] Vista's argument on this point is correct insofar as it goes, and the Court stands corrected. Plaintiff did not testify that he observed snow *piles*.

3

But Vista fails to take into account other evidence in the record which raises issues of fact regarding whether Vista created piles of snow. Vista's Manager, Fernando Borba, testified that it was Vista's general practice to push the snow onto the sides of the road, which a reasonable jury could find created piles of snow. [Deposition of Fernando Borba, Dkt. 117-12 at 20 Lines 12-21.] Moreover, Andron's Superintendent, Brian Pease, expressly stated that Vista would pile the snow onto the sides of the road:

> Q: Tell me, specifically, about the parking lot area; what would the management plan be in regard to that are?
>
> A: They would–they would plow snow. They'd plow it somewhere in a location where they could get it off of the–off the asphalt or pile it in a corner...

[Deposition of Brian Pease, Dkt. 117-13 at 23 Lines 12-19.]

> Q: If you saw they were piling snow with the snow plows in an area that you didn't like, would you be the one to tell them, Hey, guys, can you pile the snow in a different area?
>
> A: Typically, we would–we would tell them where we wanted the snow prior to where they would pile snow.

[Dkt. 117-13 at 52 Lines 7-14.] This testimony establishes a triable issue of fact as to whether Vista acted negligently by creating piles of snow, so Vista has not established any clear error warranting reconsideration.

Vista's remaining arguments amount to a rehash of arguments considered and rejected in the underlying Decision and Order. Vista reasserts that it did not launch an instrument of harm through its negligent snow removal, that it did not owe Plaintiff a duty of care, that Plaintiffs' expert's opinion should be reject, and that Andron should not be entitled to contribution. The

4

Court rejected these arguments in the underlying Decision and Order, and Vista presents no grounds pursuant to Local Civil Rule 6.3 or Fed. R. Civ. P. 59(e) to disturb those findings.

## IV. CONCLUSION

Based on the foregoing, Vista's motion for reconsideration of the Court's May 19, 2021 Decision and Order is **DENIED**. The Clerk is respectfully directed to terminate Dkt. 154.

Dated: June 30, 2021
       White Plains, New York

**SO ORDERED**

_____
Paul E. Davison, U.S.M.J.