**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
MERRILL WARBOYS and KATHRYN WARBOYS,

                              Plaintiffs,

        -against-

SHI-III BRIARCLIFF REIT, LLC; BRIARCLIFF
MANOR INVESTORS, LLC; ANDRON
CONSTRUCTION CORP.; and VISTA
CONSTRUCTION & LANDSCAPE CONTRACTORS,
INC.,

                              Defendants.
------------------------------------------------------------------X

**ORDER DENYING LEAVE**

19 Civ. 2491 (PED)

**PAUL E. DAVISON, U.S.M.J.:**

        Defendant Andron Construction Corp. ("Andron"), on behalf of itself, SHI-III Briarcliff Reit, LLC, and Briarcliff Manor Investors, LLC, requests leave to move for reconsideration, pursuant to Local Civil Rule 6.3, of the Court's May 19, 2021 Order on the parties' motions for summary judgment. [Decision at Dkt. 150; Andron's request at Dkt. 169.] For the reasons set forth below, leave is denied.

        First, the application is woefully untimely. Andron filed its application on October 21, 2021, 155 days after the entry of the May 19 Order. Local Civil Rule 6.3 directs parties to move for reconsideration within fourteen days after the Court's determination of the original motion. Local Civ. R. 6.3. Fed. R. Civ. P. 59(e) requires that a motion to alter or amend a judgment must be filed within 28 days after its entry. Fed. R. Civ. P. 59(e). *See McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) ("the untimeliness of a motion for reconsideration is reason enough to deny the motion.").

Second, even if the Court addressed Andron's request on the merits, the Court would deny reconsideration. Under Local Civil Rule 6.3, reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *McGraw-Hill Glob. Educ. Holdings, LLC*, 293 F. Supp. 3d at 397 (internal citations omitted). Moreover, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Secs. Litig.*, 113 F. Sup.2d 613, 614 (S.D.N.Y. 2000).

Andron disagrees with the Court's determination that Andron's indemnification agreement with former Third-Party Defendant American Panel Tech/NY LLC ("American Panel") was void in its entirety, under New York General Obligations Law § 5-322.1, because it would obligate American Panel to indemnify Andron for Andron's own negligence, and that the phrase "to the fullest extent of law" was inadequate to salvage the agreement. [Dkt. 150 at 21-24.]

The Court relied in part on the holding of the New York Court of Appeals that indemnification provisions must include "language limiting the subcontractor's obligation to that permitted by law or to the subcontractor's negligence," and that "Section 5-322.1 makes no attempt to salvage that part of an indemnification contract that would require a subcontractor to indemnify a general for the subcontractor's negligence only." *Itri Brick & Concrete Corp. v. Aetna Cas. & Sur. Co.*, 89 N.Y.2d 786, 795, 680 N.E.2d 1200 (1997). The Court also relied on *Bright v. Tishman Const. Corp. of New York*, Case No. 95 Civ. 8793 (DLC), 1998 WL 63403 (S.D.N.Y. Feb. 17, 1998), where the court, relying on *Itri*, held that the phrase "to the fullest

extent permitted by the law" was by itself insufficient to remove the contract from the scope of Section 5-322.1, and that "to be effective, the saving language must indicate with sufficient clarity that the indemnification does not run to the negligent conduct of the indemnitee."

The cases cited by Andron in its application are not inconsistent with the Court's interpretation. *See Brooks v. Judlau Contracting*, 11 N.Y.3d 204, 209-10 (2008) (upholding an indemnification provision under Section 5-322.1, where the provision obligated a subcontractor to indemnify the contractor only for claims "arising from the Subcontractor's work."); *Pilkington v. Tutor Perini Bldg. Corp.*, Case No. 17 Civ. 60 (DF), 2020 WL 1285542, at *12 (S.D.N.Y. Mar. 18, 2020) ("a partially negligent general contractor [may] seek contractual indemnification from its subcontractor so long as the indemnification provision does not purport to indemnify the general contractor for its own negligence."); *Kehoe v. 61 Broadway Owner LLC*, 186 A.D.3d 1143, 1145 (2020), *leave to appeal dismissed*, 36 N.Y.3d 959 (2021), *and leave to appeal dismissed*, 36 N.Y.3d 960, 161 N.E.3d 478 (2021) ("The contractual indemnification clause requires **Marcato to indemnify 61 Broadway Owner for claims and damages arising out of, inter alia, Marcato's negligence or performance of the contract**, to the full extent permitted by law, and is not void pursuant to General Obligations Law § 5-322.1.") (text omitted by Andron in bold). In each of these cases, the relevant provision included language protecting the subcontractor, as indemnitee, from indemnifying the contractor, as the indemnitor, for the contractor's own negligence.

Here, the indemnification provision between Andron and American Panel required American Panel to indemnify Andron for all "Claims" which included American Panel's acts or omissions, and those of American Panel's agents, employees, and subcontractors [Dkt. 117-19 at

3

3, Section 5, subsection (b)], *in addition to* any claim that may "arise out of, in connection with, or as a consequence of your work or operations" [Dkt. 117-19 at 3, Section 5, Subsection (a)]. Thus, the language in Subsection (a) extends beyond American Panel's acts to reach Andron's own negligence, in violation of Section 5-322.1. Notably, Andron advocated such a broad interpretation of Subsection (a). [Dkt. 150 at 24, citing Andron's Memorandum of Law, Dkt. 120 at 20 and Andron's Opposition to American Panel's motion, Dkt. 134 at 5.]

Accordingly, and notwithstanding Andron's untimely request for reconsideration, the Court adheres to its view that Andron's indemnification agreement with American Panel Tech is void under Section 5-322.1. Leave to move to reconsider the Court's May 19 Order is, therefore, denied.

Dated: November 8, 2021
      White Plains, New York

SO ORDERED

Paul E. Davison, U.S.M.J.